United States District Court
Southern District of Texas
ENTERED

FEB 0 5 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

| | | |
|---|---|---|
| JOSE MANUEL LAMAS, | § | |
|    Plaintiff-Petitioner, | § | |
| | § | CIVIL ACTION NO. B-98-026 |
| VS. | § | |
| | § | CRIMINAL NO. B-89-366 |
| UNITED STATES OF AMERICA, | § | |
|    Defendant-Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Jose Manuel Lamas ("Lamas") has filed a petition pursuant to 28 U.S.C. § 2255 seeking to set aside his post guilty plea conviction for possession with intent to distribute 340 grams of cocaine. The government has filed a Motion to Dismiss which, for the reasons set forth below, should be granted.

### BACKGROUND FACTS

On August 8, 1989, Lamas and three others were indicted and charged with conspiracy to possess with intent to distribute more than 500 grams of cocaine, possession with intent to distribute more than 500 grams of cocaine, and knowingly using and carrying a firearm during a narcotics trafficking offense. A motion to suppress evidence was granted by the District Court, but the Fifth Circuit Court of Appeals reversed. Rather than face trial, Lamas absconded. He was charged with being a bond jumper, 18 U.S.C. § 3246.

Lamas surrendered. His attorney negotiated the following plea bargain:

1. Plead guilty to possession with intent to distribute cocaine.

2. The government agreed to:

    a. Dismiss all remaining counts of the indictment.

    b. Dismiss the bond jumping case.

    c. Recommend a low end guidelines sentence.

    d. Recommend a three level adjustment for acceptance of responsibility.

On July 11, 1997, Lamas was sentenced to 47 months, a three year SRT and a $100 special assessment.

## THE § 2255 PETITION

Lamas' petition claims that his lawyer was ineffective for failing to perfect an appeal, failing to object to a two point upward adjustment for his role in the offense, double jeopardy, sentence based on false information, failure of the district judge to conform to Fed. R. Crim. P. Rule 11, violation of the plea agreement since there was a two level adjustment because of the possession of a firearm during a drug offense, and finally whether he is entitled to an evidentiary hearing.

## RECOMMENDATION

Lamas complains that his attorney was ineffective for failing to preserve his appeal rights. The court requested Lamas' retained counsel, the Honorable Peter Gilman ("Gilman") to respond to these allegations. In an affidavit (Docket No. 7) Mr. Gilman stated that an appeal was discussed with Lamas who decided not to pursue an appeal. Lamas' counter affidavit (Docket No. 8) admits that he did not want Gilman to handle any appeal. The affidavit goes on to state "...it was my understanding that he would file the notice of appeal within the statutory time limit." This makes no sense; it is not credible.

In any event, Lamas would have to show that an appeal would have resulted in a sentence

significantly less harsh than he received. *United States v. Seglar,* 37 F.3d 1131, 1136 (5th Cir. 1994). It is also important to note that Lamas' plea agreement waived his right to appeal *United States v. Portillo,* 18 F.3d 290 (5th Cir. 1994).

Lamas argues that the court's admonishment that he could get a free appeal together with the plea agreement waiving appeal confused him. This is absurd on its face. The appeal issue was not raised until almost a year after his conviction became final.

Lamas claims that his counsel was ineffective in not complaining about a two level adjustment for role in the offense. The PSI reflects that Lamas admitted that the cocaine found at his residence which weighed 586.16 grams was his. The PSI also contains substantial evidence that Lamas' residence was a cocaine retail outlet. This point is frivolous.

Lamas also argues that there is double jeopardy in his case. A complete review of the file shows that contention to be completely without merit.

Lamas contention about the Rule 11 colloquy is also frivolous. It has its origin in a slip of the tongue by the sentencing judge concerning the maximum sentence which was corrected immediately. Lamas had no doubt that the maximum sentence in his case was 40 years, not a minimum of 40 years. Lamas complains that the judge did not warn him that he was not bound by the plea agreement. The record shows this to be false.

Lamas also complains about the two level adjustment for possession of weapons during a drug offense, complaining that this constituted a breach of the plea agreement. Lamas' agreement was that the indictment charging this offense would be dismissed. He got that.

Lamas' § 2255 petition is totally without merit. The government's motion to dismiss should be granted.

3

IT IS THEREFORE **RECOMMENDED** that the government's Motion for to Dismiss be **GRANTED** and that Jose Manuel Lamas' Habeas Petition be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 5th day of February, 1999.

_____
John Wm. Black
United States Magistrate Judge